UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KINGVISION PAY-PER-VIEW
CORP., LTD.,

    Plaintiff,

v.

STOKELY CALLENDER,
individually and d/b/a PARADISE
SPORTS BAR & GRILL

    Defendant.

:
:
:
:
:
:

CIVIL ACTION NO.

1:05-CV-2390-MHS

## ORDER

This action is before the Court on plaintiff's motion for default judgment and attorneys' fees. For the following reasons, the Court denies the motion.

On September 14, 2005, plaintiff KingVision Pay-Per-View Corp., Ltd. (KingVision), filed this action against Stokely Callender, individually and d/b/a Paradise Sports Bar & Grill (Callender). KingVision alleged that Callender violated 47 U.S.C. § 553(a)(unauthorized reception of cable service) and 47 U.S.C. § 605(a)(unauthorized publication or use of wire or radio

communications) when, on October 2, 2004, and again on November 13, 2004, he willfully intercepted closed-circuit television transmissions of championship boxing matches from Madison Square Garden in New York and broadcast the transmissions to the patrons of his Paradise Sports Bar & Grill. On February 2, 2006, KingVision filed an affidavit of service with the Court purportedly showing that Callender had been served on January 27, 2006. When Callender failed to respond to the complaint, KingVision filed a request for entry of default on April 19, 2006. The Clerk entered Callender's default on April 24, 2006. On August 9, 2006, KingVision filed a motion for default judgment.

The affidavit of service filed by plaintiff on February 2, 2006, recites that defendant was served on January 27, 2006, "by leaving papers at bar with person apparently in charge." Such service is patently defective. Service on an individual may be accomplished either by delivering a copy of the summons and complaint "to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or by delivering them "to an agent authorized by appointment or by law to receive service of

process." Fed. R. Civ. P. 4(e)(2); O.C.G.A. § 9-11-4(e)(7). Service on a "person apparently in charge" at defendant's place of business does not satisfy any of these methods of effective service. Since proper service has not been effected, the Court lacks personal jurisdiction over defendant.

Accordingly, the Court DENIES plaintiff's motion for default judgment [#7]. Furthermore, pursuant to Fed. R. Civ. P. 4(m), the Court ORDERS plaintiff to show cause in writing within 10 days from the date of entry of this order why this action should not be dismissed for failure to effect proper service within 120 days after filing the complaint. The Court DIRECTS the Clerk to resubmit this case after expiration of the above time period.

IT IS SO ORDERED, this 10th day of October, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

3